*107 OPINION.
Littleton:
The petitioner concedes that $10,692.39 of the total deficiency determined, representing the tax for 10 months of the calendar year 1919 may be collected, but contends that any tax determined upon its income for the calendar year 1918, or any part of the fiscal year 1919 which falls within the calendar year 1918, is barred by the statute of limitations properly applicable thereto.
In support of this contention, the petitioner takes the position (1) that the consent of November 29, 1924, related solely to the calendar year 1919, a return for that year having been made upon such basis, and that it does not, therefore, authorize the assessment and collection of a deficiency not attributable to the calendar year 1919, and (2) that the return for 1918 having been made on a calendar year basis and filed on June 12, 1919, the period within which assessment and collection of any deficiency in tax for that year or any part *108 thereof expired, on June 12, 1924, pursuant to the limitation provided by law.
The Commissioner, on the other hand, contends that the written consent covers the fiscal period begun November 1, 1918, and ended October 31, 1919, and that, therefore, no portion of the deficiency is barred, inasmuch as it was assessed within the period of limitation as extended by the consent.
The consent in question provides for an extension of the period prescribed by law for the determination, assessment, and collection of the amount of income and profits taxes “ due under any return made by or on behalf of said taxpayer for the year 1919.” Both of the parties hereto lay great stress upon the meaning of the expression “ the year 1919,” the Commissioner contending, on the one hand, that in view of the circumstances herein, it means the fiscal year 1919, and the petitioner contending that, since a return for 1919 was made on the calendar year basis, it can only relate to the calendar year 1919.
The controversy, therefore, is narrowed to the question whether the written consent operated to give the Commissioner the right to determine, assess and collect any deficiency in respect of petitioner’s income for 1918. The statute of limitations in respect of the determination, assessment and collection of any tax for the calendar year 1918 began to run upon the filing of the return for 1918, or June 12 1919, notwithstanding such return was upon an erroneous basis. Mabel Elevator Co., 2 B. T. A. 517. The five-year period of limitation relating to the year 1918, therefore, expired June 12, 1924, more than five months before the date of the Commissioner’s letters and the execution of the consent in question.
In view of the peculiar facts in this case, we are of opinion that assessment and collection of $3,689.20 of the total deficiency claimed by the Commissioner which relates to the calendar year 1918 is barred by the statute of limitations. The consent in question was prepared and sent to the petitioner by the Commissioner for execution, and in the letter of November 25,1924, transmitting the same and requesting that it be executed, the Commissioner advised the petitioner that the execution of the consent would be necessary “ In view of the limitation of time for making additional assessments, * * * with the desire of the Income Tax Unit to make additional assessments * ⅜ * only after careful consideration of all the facts in the case.” Later, on December 3, 1924, the Commissioner then wrote the petitioner that in view of the limitation of time for making additional assessments it would be necessary for it to execute a waiver within ten days. In view of the uncertainty in the language of the consent as to whether it was intended to cover also the last two months of the calendar year 1918 and the language of the Commissioner’s letters *109 that be desired to be protected against the limitation of time for “ making additional assessments for the year 1919,” we are of opinion that the consent can not be held to give the Commissioner the right to assess and collect that portion of the deficiency relating to the year 1918, as to which the statute of limitations expired before the requests for the consent were made and before the consent was executed by the parties.
Reviewed by the Board.

Judgment that 83,689£0 of the total deficiency of $H,381.59 determined for the fiscal year ending October 31, 1919, is barred by the statute of limitations will be entered.